**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Walker, III, and Ada Walker,  )<br>                    )<br>          Plaintiffs,          )<br>                    )<br>vs.                 )<br>                    )<br>Auto-Owners Insurance Company,  )<br>                    )<br>          Defendant.          )<br>_____ ) | No. CIV 20-449-TUC-CKJ<br><br>ORDER |

On August 5, 2021, this Court issued an Order which, *inter alia*, denied the Motion to Dismiss and advised the parties of the Court's intent to certify question(s) to the Supreme Court of Arizona ("Supreme Court"). Aug. 5, 2021, Order (Doc. 15). Additionally, the Court has afforded the parties an opportunity to provide input as to the question(s) to be certified to the Supreme Court. *Id*., Aug 31, 2021 Order (Doc. 21). The Court considers the parties' input herein. *See* Docs. 17, 18, 20, 23, 24.

Additionally, Plaintiffs have filed a Motion for Leave to File First Amended Complaint (Doc. 16). A response (Doc. 19) and a reply (Doc. 22) have been filed. As it relates to the issues involved in the certifying a question to the Supreme Court, the Court will address this motion prior to considering the form of question(s) to be certified to the Supreme Court.

*Plaintiffs Motion for Leave to File First Amended Complaint* (Doc. 16)

A "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). In determining whether an amended pleading should be permitted, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether [plaintiff] has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

In this case, Plaintiffs do not seek to add or modify their claims or the parties. Rather, they simply seek to clarify the claims which they made in the original Complaint. Plaintiffs state:

> Because the Court will certify questions to the Arizona Supreme Court, Plaintiffs believe it is helpful to more fully explain their claims to provide the Arizona Supreme Court with a more complete understanding of the issues.

Motion (Doc. 16, p. 2).

While the Court agrees with Defendant that Plaintiffs could have sought to amend their complaint earlier, neither the applicable rule nor any order of the Court required such an earlier request. Additionally, the Court finds there is no basis to conclude Plaintiffs have acted in bad faith. Again, while Plaintiffs could have raised the issue earlier, there is no basis to conclude their failure to do so was in bad faith. Furthermore, the Court finds that allowing the amended complaint would not cause undue delay. There is no reason to believe an amended complaint would delay the state certification process or further proceedings in this Court upon the response of the state court.

The Court also consider whether Defendant would be prejudiced by the amendment. It is this consideration that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Court recognizes that "generally a party will not be deemed prejudiced by an amended pleading if the amendment relates to the same conduct, transaction, or occurrence

alleged in the original pleading, or if the opposing party is otherwise aware of the facts contained in the amended pleading." 61A Am. Jur. 2d Pleading § 724, *citations omitted*. However, other circumstances my result in prejudice, such as when a "radical shift in direction" posed by new claims require defendant to undertake, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Here, Plaintiffs are not making a radical shift in direction, but the proposed amended complaint may require Defendant to significantly modify its arguments as to the pending issues. Indeed, Defendants have not had an opportunity to address the new alleged facts in this matter.[1] However, any prejudice from this is minimized by the rule governing certification of questions of law to the Supreme Court which indicates the parties will be afforded an opportunity to submit briefs before that Court. *See* Ariz.R.Sup.Ct. 27(d).

Additionally, the proposed amendment relates to the same conduct, transaction, or occurrence alleged in the original complaint and there is no reason to believe Defendant is not aware of the facts contained in the amended pleading. However, Plaintiffs' request does include a conclusory allegation. *See* Proposed Amended Complaint (Doc. 16-1, p. 14) ("Through its payment based exclusively upon the 'replacement cost less depreciation' methodology, Auto-Owners has waived, and is estopped from asserting, any right to contend that ACV should have been calculated under any methodology other than the methodology actually used by Auto-Owners in this case."). The Court finds Defendant would be minimally prejudiced by the proposed amendment.

As to whether the proposed amendment is futile, the Court finds the amendments supplement the facts alleged in the original complaint. Generally, the proposed amendment

---

[1] Although new facts are alleged in the proposed amended complaint, these facts supplement the facts alleged in the original complaint instead of contradicting them. There does not appear, therefore, to be a disputed factual issue making it difficult to determine the first question to be certified to the Supreme Court. *See* § 4248 Certification to State Court, 17A Fed. Prac. & Proc. Juris. § 4248 (3d ed. April 2021) ("Certification is not appropriate if there are a number of disputed factual issues making it difficult or impossible to agree on what the legal questions are.").

- 3 -

provides additional facts as to how Defendant calculated actual cash value. However, the original complaint stated, "in short and plain terms[,]" Fed.R.Civ.P. 8, the claims against Defendant. In other words, the proposed amendment appears superfluous and does not appear to alter the substantive legal issues presented in this case. Such amendments are futile. *Sims v. Cabrera*, No. 1:12-CV-01904-LJO, 2014 WL 6893776, at *3 (E.D. Cal. Dec. 8, 2014) (proposed amendments "are futile in that they would add purely superfluous facts to the pleading"); *Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2016 WL 1718189, at *23 (N.D. Cal. Apr. 29, 2016) ("leave to amend is not an invitation for Plaintiff to include more redundant and unnecessary facts").

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Considering this factor, along with the minimal prejudice to Defendant, the Court finds it appropriate to deny the Motion for Leave to File First Amended Complaint.

*First Proposed Question of Law to be Answered*

The Court has proposed the following question be certified to the Supreme Court:

> Where an insurance policy does not define depreciation or actual cash value, may an insurer depreciate both materials and labor from the actual cash value?

Plaintiffs agree with this proposed form of the question. Defendant asserts this question unduly suggests a meaningful distinction between materials and labor for purposes of calculating actual cash value, even though the "policy itself does not distinguish between (or even mention) materials and labor, but instead permits depreciation to be taken from the entire cost of the "damaged covered *property*." Defendant's Requested Modifications to Proposed Certified Questions ("Defendant's Request") (Doc. 18, p. 2) (emphasis in original). Defendant requests the Court certify the following question to the Supreme Court:

> Where a homeowner's insurance policy does not define the term "actual cash value" but provides that actual cash value "includes a deduction for depreciation," may an insurer estimate the actual cash value of "damaged covered property" by applying depreciation to the entire cost to replace or repair the damaged covered property?

*Id*. at p. 3.

The issue before the Court, however, *is* whether both materials and labor may be depreciated from actual cash value.  In other words, if there was not this distinction, the issues before the Court would be altered.  Significant to the Court is that the policy is set forth in a document drafted by Defendant.  Had the policy specifically stated what was or was not included in calculating depreciation and/or actual cash value, the arguable ambiguity would not exist.  In fact, at least one court has recognized a distinction between instances where a policy defines or clarifies what is included in an ACV from where a policy does not include such clarification.  *Didyoung v. Allstate Ins. Co.*, No. CV-12-348-PHX-GMS, 2013 WL 2896847, at *3 (D. Ariz. June 13, 2013).  To accept Defendant's argument as set forth in their proposed question would be to presume the validity of Defendant's position as to the issues before the Supreme Court.

Defendant also submits the following as an alternate proposed question:

> When a homeowner's insurance policy does not define the term "actual cash value," may an insurer depreciate the cost of labor in determining the "actual cash value" of a covered loss when the estimated cost to repair or replace the damaged property includes both materials and embedded labor components?

"Defendant's Request") (Doc. 18, p. 3).  Plaintiffs assert, however, they do not dispute that the covered property, "in its indivisible whole[,]" was the property depreciated and they have not sought to recover depreciation related to embedded labor within the covered property.  Plaintiffs' Response to Defendant's Objections Regarding Proposed Certified Questions (Doc. 23) (Doc. 23, p. 2).  Rather, in effect, they argue this refers to the labor used to build Plaintiffs' home instead of the future repair labor costs.

The Court agrees with Plaintiff that Defendant's alternate proposed question does not fairly present the issue of depreciation of future repair labor costs.  However, the Court agrees with Defendant that their proposed questions better place the legal issue into context. The parties are advised the Court will certify the following question to the Supreme Court:

> When a homeowner's insurance policy does not define the terms "actual cash value" or "depreciation," may an insurer depreciate both the costs of materials and labor in determining the "actual cash value" of a covered loss?

*Second Proposed Question of Law to be Answered*

The Court has proposed the following question be certified to the Supreme Court:

Is the broad evidence rule applicable in Arizona such that an insurer and/or fact finder may consider labor depreciation as a pertinent factor in determining actual cash value?

Plaintiffs assert this question is redundant because, if the Supreme Court answer this Court's First Proposed Question, the answer will be dispositive as to the issues pending in the Motion to Dismiss. While the Court agrees with this assertion, it also recognizes that it is within the Supreme Court's discretion whether to agree to answer the Court's First Proposed Question. The Court finds, therefore, this is not a sufficient reason to not include a second question to the Supreme Court.

Additionally, Plaintiffs argue this question is not at issue because a replacement cost less depreciation methodology of calculating actual cash value was used in this case. Indeed, they point out that whether Arizona "is a broad evidence state is not at issue because in this case . . . the parties agreed that the actual cash value was to be calculated based on the replacement cost method." *Lammert v. Auto-Owners (Mut.) Ins. Co.*, 572 S.W.3d 170, 178 (Tenn. 2019). However, Defendant asserts "there is nothing inconsistent between the replacement-cost-minus-depreciation method and the broad evidence rule." Defendant's Motion for Leave to Respond to Plaintiffs' Objections to Certified Questions ("Motion for Leave") (Doc. 20, p. 3). Indeed, the authority on this issue is not uniform. *See e.g., Stuart v. State Farm Fire & Casualty Co.*, 910 F.3d 371, 376 (8th Cir. 2018) ("the parties agreed on a methodology and the only dispute is over including labor depreciation in the calculation"), *reh'g and reh'g en banc denied* (8th Cir. Jan. 29, 2019); *Couch on Ins*. § 175:34 (June 2021) ("In applying this broad evidence rule, the courts have not abandoned consideration of either market or reproduction or replacement values in arriving at 'actual cash value,' but view them merely as guides in making that determination, rather than shackles compelling strict adherence thereto."). Notably, in this case, the Policy does not require a specific method of valuation. *See e.g. Stuart v. State Farm Fire & Cas. Co.*, 910

F.3d 371, 374 (8th Cir. 2018) (explaining that policy required use of replacement cost minus depreciation).

The parties have not presented this Court with any authority to indicate whether Arizona courts would determine the broad evidence rule, if applicable, is a valuation technique that replaces a replacement cost less depreciation methodology of calculating actual cash value or an evidentiary approach that allows fact finders the discretion to decide what factors are relevant to valuing property. The Court disagrees with Plaintiffs that, to the extent Defendant disputes it used a replacement cost less depreciation methodology to calculate Plaintiffs' ACV payment, there is necessarily a factual dispute. Rather, the Supreme Court may decide a fact finder may consider all evidence in resolving an actual cash value. The Court, therefore, will submit the Second Proposed Question as drafted, with a modification to include "fact finder," to the Supreme Court.

Accordingly, IT IS ORDERED Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 16) is DENIED.

DATED this 30th day of September, 2021.

_____
Cindy K. Jorgenson
United States District Judge