1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8
   Gerald Walker, III, and Ada Walker,        )
9                                             )
         Plaintiffs,                          )        No. CIV 20-449-TUC-CKJ
10                                            )
    vs.                                       )
11                                            )            ORDER
    Auto-Owners Insurance Company,            )
12                                            )
         Defendant.                           )
13  _____)

14        A Motion to Dismiss (Doc. 9) was filed with this Court by Defendant Auto-Owners

15  Insurance Company ("Auto-Owners").  Plaintiffs Gerald Walker, III, and Ada Walker

16  (collectively, "the Walkers") filed a response (Doc. 10) and Auto-Owners filed a reply (Doc.

17  13).  For the following reasons, the Court hereby respectfully certifies two questions of law

18  to be answered by the Supreme Court of Arizona pursuant to Ariz.R.Sup.Ct. 27.  The Court

19  recognizes "phrasing of the questions" will not restrict the Supreme Court's consideration

20  of the issues involved . . . [and] that the Court may reformulate the relevant state law

21  questions as it perceives them to be, in light of the contentions of the parties[.]"  *United*

22  *States v. Figueroa-Beltran*, 892 F.3d 997, 1004 (9th Cir. 2018), *certified question answered*,

23  136 Nev. 386, 467 P.3d 615 (2020).

24

25  I.  *Questions of Law to be Answered*

26        A.  When a homeowner's insurance policy does not define the terms "actual
          cash value" or "depreciation," may an insurer depreciate both the costs of
27        materials and labor in determining the "actual cash value" of a covered loss?

28

1
2

B.  Is the broad evidence rule applicable in Arizona such that an insurer and/or fact finder may consider labor depreciation as a pertinent factor in determining actual cash value?

3

4

II. *Statement of Facts Relevant to the Questions Certified*

5

6

7

8

Auto-Owners issued a Homeowners Insurance Policy to the Walkers, Policy Number 48-246-663-00 ("the Policy"), for December 15, 2018 through December 15, 2019, covering a house the Walkers owned in Tucson, Pima County, Arizona.  The policy had a dwelling limit of $325,000 and a deductible of $1,000.

9

The Policy provided, *inter alia*:

10

11

(2) If the damaged covered property is insured under Coverage A - Dwelling or Coverage B - Other Structures and not included in (1) above, **we** will pay as follows:

12

13

14

(a) If at the time of loss, the limit of insurance applying to the damaged covered property is 80% or more of the full replacement cost of that covered property, **we** will pay the full cost to repair or replace the damaged part of such covered property.  No deduction will be made for depreciation. In no event shall **we** pay more than the smallest of:

15

1) the limit of insurance applying to the damaged covered property;

16

2) the cost to replace the damaged covered property with equivalent construction for equivalent use at the **residence premises**; or

17

18

3) the amount actually spent to repair or replace the damaged covered property.

19

20

(b) If at the time of loss, the limit of insurance applying to the damaged covered property is less than 80% of the full replacement cost of that covered property, **we** will pay the greater of either:

21

1) the actual cash value of the damaged covered property; or

22

23

2) the cost to repair or replace the covered property, less the deductible amount, multiplied by the ratio of the limit of insurance applying to the damaged covered property to 80% of its full replacement cost. No deduction will be made for depreciation.

24

In no event shall **we** pay more than the smallest of:

25

26

1) the limit of insurance applying to the damaged covered property;

27

28

2) the cost to replace the damaged covered property with equivalent construction for equivalent use at the **residence premises**; or

3) the amount actually spent to repair or replace the damaged covered property.

If **you** do not repair or replace the damaged covered property, **we** shall pay the actual cash value of the property at the time of loss. Actual cash value includes a deduction for depreciation.

\* \* \* \* \*

(3) If the full cost to repair or replace the damaged covered property is more than $1000 or more than 5% of the limit of insurance applying to such covered property, **we** will not pay more than the actual cash value until actual repair or replacement is completed.

(4) **You** may disregard the provisions of b.(2) above and make an actual cash value claim for loss or damage to property covered under Coverage A - Dwelling and Coverage B - Other Structures. If **you** do, **you** may within 180 days after the loss make a further claim under the provisions of b.(2) above.

Homeowners Policy, Form 3 (Doc. 9, p. 13 of 22, ECF p. 44 of 76) (emphasis in original). The Policy also provides that Auto-Owners "will pay the actual cash value of the property at the time of loss.  Actual cash value includes a deduction for depreciation."  (*Id*.) However, the Policy does not include a definition of either actual cash value or depreciation.

A Guaranteed Home Replacement Cost, Form 3, was included with the Policy.  This form provides the coverage will be increased, if necessary, "to equal the current replacement cost of your dwelling and shall apply to the cost of repairing or replacing your dwelling at the residence premises[,]" (Doc. 9, ECF p. 67 of 76).  However, there is no indication that the coverage in this case had been increased pursuant to the Policy.

Additionally, the Arizona Amendatory Endorsement Homeowners Policy at issue in this case does not include a definition of actual cash value.  *See* Amendatory Endorsement (Doc. 9, ECF p. 56-57 of 76).

On May 28, 2019, an accidental water discharge from an appliance caused extensive damage to the insured property. Water flowed throughout the house damaging the walls and floors in several rooms.  The Walkers submitted a claim of loss to Auto-Owners, which accepted coverage for the loss.  In calculating the actual cash value of Plaintiffs' loss, Auto-Owners used the Xactimate program, which has various settings that determine how a claim is adjusted.   The Walkers allege Auto-Owners improperly required Xactimate be

set to depreciate both labor and materials when used to adjust property damage claims in Arizona, but it properly requires Xactimate be set to apply depreciation to the costs of materials alone in other states.  The Walkers allege:

> 30. By applying depreciation to the costs of material and labor, Auto-Owners underpays its in[s]ureds in Arizona who only recover on an ACV (actual cash value) basis.

> 31. The amount of underpayment can be calculated by changing the Xactimate settings on each class member's estimate to apply depreciation only to materials, which would generate the correct amount that each class member should be paid.

> 32. Auto-Owners' underpayment of Plaintiffs' claims by depreciating both materials and labor was not a mistake or an oversight, but rather was the deliberate implementation of Auto-Owners' standard practice of depreciating both labor and materials in Arizona. This implementation was done by mandating that the adjustment of Arizona property claims must be done with the Xactimate software set to depreciate both labor and materials.

Compl. (Doc. 1, pp. 6-7).

The Walkers filed a Complaint in this Court on October 20, 2020, on behalf of themselves and all similarly situated Class members.  The Walkers and the Class allege two claims:  Count One - Breach of Contract and Count Two - Declaratory and Injunctive Relief.

On January 20, 2021, Auto-Owners filed a Motion to Dismiss ("MTD"), asserting the Policy permits Auto-Owners to deduct "'depreciation' when estimating the value of 'the property,' and never distinguishes between materials and labor."  MTD (Doc. 9, p. 2). Auto-Owners requested, if the Court was disinclined to grant the Motion to Dismiss, the Court to certify the question to the Supreme Court of Arizona.  A response  (Doc. 10), and a reply (Doc. 13) were filed.

On August 5, 2021, this Court advised the parties it would certify questions to the Supreme Court of Arizona (Doc. 15).  Although the Walkers requested leave to amend their complaint to provide additional/clarifying facts to the Supreme Court of Arizona, this Court declined the request as the proposed amendments were superfluous (Docs. 16, 19, 22).[1]

---

[1]The Court notes the Supreme Court may request the Clerk of this Court provide other portions of the record if that Court deems it necessary to a determination of certified

1   Additionally, the parties have provided input as to the issues/form of questions to be

2   certified (Doc. 17, 18, 20, 23, 24).

3

4   III.  *List of Counsel Appearing in this Matter*

5         A.  Attorneys for the Walkers:

6             Cory S Fein
              Cory Fein Law Firm
7             712 Main St., Ste. 800
              Houston, TX 77002
8             281-254-7717
              Fax: 530-748-0601
9             Email: cory@coryfeinlaw.com

10            Robert David Ryan
              Law Offices of Robert D Ryan PLLC
11            343 W Roosevelt, Ste. 220
              Phoenix, AZ 85003
12            602-256-2333
              Fax: 602-256-2334
13            Email: rob@robertdryan.com

14        B.  Attorneys for Auto-Owners:

15            Peter Joseph Schwingler
              Stinson LLP - Minneapolis, MN
16            50 S 6th St., Ste. 2600
              Minneapolis, MN 55402
17            612-335-1500
              Fax: 612-335-1657
18            Email: peter.schwingler@stinson.com

19            Sharon Wei Ming Ng
              Stinson LLP - Phoenix, AZ
20            1850 N Central Ave., Ste. 2100
              Phoenix, AZ 85004-4584
21            602-212-8676
              Fax: 602-586-5291
22            Email: sharon.ng@stinson.com

23            Todd A Noteboom
              Stinson LLP - Minneapolis, MN
24            50 S 6th St., Ste. 2600
              Minneapolis, MN 55402
25            612-335-1500
              Fax: 612-335-1657
26            Email: todd.noteboom@stinson.com

27   _____

28   questions.  Ariz.Sup.Ct.Rule 27(a)(5).

1

2   William D Thomson
    Stinson LLP - Minneapolis, MN
3   50 S 6th St., Ste. 2600
    Minneapolis, MN 55402
4   612-335-1605
    Fax: 612-335-1657
5   Email: william.thomson@stinson.com

6   Accordingly, IT IS ORDERED:

7      1.      The legal questions set forth above are **CERTIFIED** to the Supreme Court
8   of Arizona;

9      2.      The Clerk of this Court shall file with the Supreme Court of Arizona an
10  original and six certified copies of this Order, and;

11     3.      This matter is STAYED pending resolution of the state court proceedings.

12  DATED this 30th day of September, 2021.

13

14

15                                  Cindy K. Jorgenson
                                    United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28