**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Walker, III, et al., | No. CV-20-00449-TUC-CKJ |
| Plaintiffs, | **ORDER** |
| v. | |
| Auto-Owners Insurance Company, | |
| Defendant. | |

The Court, having reviewed the parties' Joint Case Management Report and having conducted a Scheduling Conference:

**IT IS ORDERED** that this case, alleging class action claims challenging Defendant's standard practice of depreciating both labor and materials for property loss claims allegedly in violation of Arizona law, a complex case and assigns it to the complex track for case management. LRCiv. 16.2(b)(4).

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule and rules:

A. **Initial disclosures**, under Federal Rules of Civil Procedure ("Federal Rules") 26(a)(1) have been exchanged. The Court notifies the parties that to satisfy the requirement of Rule 26, the parties shall file a Notice of Service of discovery papers with the Clerk of the Court, rather than copies of actual disclosures. See Rules of Practice of the United States District Court for the District of Arizona, Civil ("Local Rules") 5.2.

B.     **Mediation:** The parties will exchange data and engage in mediation with a mediator jointly selected to attempt settlement of this action by April 14, 2023.

C.     **Amended Pleadings** shall be governed by Fed. R. Civ. P. 15.

D.     **Expert testimony (class certification):** Notice of Plaintiff's initial expert testimony pursuant to Federal Rule 26(a)(2) shall take place on or before July 14, 2023; Defendant's initial expert testimony pursuant to Federal Rule 26(a)(2) shall take place on or before September 1, 2023, with any rebuttal expert testimony shall be completed on or before September 15, 2023; **Expert testimony (class claims and damages):** Notice of Plaintiff's initial expert testimony pursuant to Federal Rule 26(a)(2) shall be made 120 days after class certification; Defendant's rebuttal reports due within 45 days.

E.     **Discovery (class certification and Plaintiff's claim)**, including depositions of parties and witnesses, shall be completed by May 12, 2023; **Discovery (class claims and damages),** including depositions of parties and witnesses, shall be completed by 180 days after class certification.[1]

1.   Generally, the limits on discovery by as set forth in Federal Rules 30, 31, and 33 shall apply: twenty-five (25) single-part question interrogatories, depositions of parties and respective experts, and not more than ten non-party fact witness depositions per party.

2.   Notwithstanding any provisions of the Federal Rules or any other provisions of this Order, non-party witnesses shall not be allowed to attend, physically, electronically or otherwise, the deposition of any other witness in this case without an Order of the Court to the contrary.

3.   The parties and counsel are reminded of their duty under Federal Rule 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due.

---

[1] In the event the class is not certified and Plaintiff proceeds to trial, individually, the parties agree that a more expedited schedule would be appropriate than that proposed here for the class action. The Plaintiff should propose such a schedule within 14 days of the Court's disposition of the September 28, 2023, motions.

*This Order contemplates that all exhibits and witnesses that may be offered at trial will have been disclosed before the close of discovery.*  This Order, therefore, supersedes the "30 days before trial" disclosure deadline contained in Rule 26(a)(3).  Therefore, (1) failure to timely supplement Rule 26(a) disclosure, including but not limited to witnesses and exhibits, or (2) failure to timely supplement responses to any valid discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner as to allow for meaningful discovery prior to the discovery cutoff date, may result in the exclusion of such evidence at trial or the imposition of sanctions.

    4. Pursuant to Local Rule 7.2(j), parties must personally consult and make a sincere effort to resolve a discovery dispute before seeking the Court's assistance. If the parties are unable to resolve a discovery dispute, the parties shall notify the Court by telephone at (520) 205-4550, and the Court will schedule a telephonic conference.  Written briefs shall be filed only at the direction of the Court.

    F. Pursuant to Federal Rule of Evidence 502:

    1. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    2. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    G. **Class Certification motion**: due September 29, 2023.

    H. **Dispositive motions (Plaintiff's individual claim and affirmative defenses)** shall be filed on or before September 29, 2023; **Dispositive motions (class claims and damages)** due by 200 days after class certification.

1. If a party seeks oral argument on a motion, he shall request it at the time the motion or response is filed, pursuant to Local Rule 7.2(f).

2. Pursuant to Local Rule 7.2, parties may file a motion, response and reply. No additional briefing on a motion is allowed unless leave of Court is granted. Failure to file a response may be deemed a consent to a granting of the motion. A response must be served and filed within fourteen (14) days of service of the motion; the moving party has seven (7) days from service to serve and file a reply. Federal Rule 56 motions for summary judgment and Federal Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction provide an exception to the above time limits – time for response is thirty (30) days and for reply fifteen (15) days. See L.R. 56.1(d). Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed seventeen (17) pages; a reply shall not exceed eleven (11) pages.

3. The Court advises the parties that the Local Rule requirement that "[a]ny party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth . . . for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed . . . [,]" L.R.Civ. 56.1, shall only apply to material facts that establish or dispute a genuine issue in dispute.

4. Any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. The exhibits must be indexed with tabs that correspond to the Table of Contents.

5. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

I. Plaintiff and counsel shall file a brief **Joint Settlement Status Report** (containing no specific settlement terms or offers) on or before April 21, 2023, and every

three (3) months thereafter.  Should this action be resolved through settlement, the parties shall advise the Court within ten (10) days of settlement.

J. **The Joint Proposed Pretrial Order** (Pretrial Statement) shall be filed <u>within thirty (30) days after resolution of the dispositive motions</u> filed after the end of all discovery, which shall be determined by whether the class is certified or not. If no such motions are filed, a Joint Proposed Pretrial Order will be due <u>30 days after the close of all discovery</u>, which shall be determined by whether the class is certified or not. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the **Form of Pretrial Order attached hereto**.

    1. Pursuant to Federal Rule 37(c), the Court will not allow the parties to offer any exhibits, witnesses or other information that were not previously disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, or not listed in the Proposed Pretrial Order, except for good cause.

    2. The attorneys for each party who will be responsible for trial of the lawsuit shall appear and participate in a Pretrial Conference to be scheduled by the Court after receipt of the pretrial order.  Because Pretrial Conferences are held for the parties' benefit, and because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference.

    3. Parties are directed to the District of Arizona website located at www.azd.uscourts.gov for instructions on marking and submitting exhibits including exhibit lists and witness lists for trial or evidentiary hearings.  Parties are responsible for providing their own exhibit tags.  Plaintiff must use yellow tags which are marked commencing with number 1.  Defendant must use blue tags which are numbered sequentially following the last number used by Plaintiff.  Counsel shall submit the witness and exhibit lists to the Deputy Clerk no later than the morning of trial. Copies of exhibits for the Judge shall be in a tabbed binder.

K.      If the case will be tried to the Court, rather than to a jury, the parties shall submit with their Proposed Pretrial Order, **Proposed Findings of Fact and Conclusions of Law.** They shall be submitted in both written format and emailed to the chambers email address, *see infra*, in a format compatible with Corel WordPerfect or Microsoft Word.

L.      **Motions in limine** shall be filed along with the Proposed Pretrial Order. Responses to motions in limine are due fourteen (14) days after the motion is filed. No replies are permitted. Each motion in limine shall include the legal basis supporting it. Any hearing on motions in limine will be set at the Pretrial Conference.

M.      All non-dispositive motions shall be accompanied by a form of order for the Court's signature. Pursuant to Local Rule 7.1(b)(2), the form of order shall be prepared on a separate document containing the case caption. The form of order shall not contain the parties' letterhead. The proposed form of order shall be emailed to the chambers email address: jorgenson_chambers@azd.uscourts.gov. ECF Administrative Policies and Procedures Manual, § II.G.1.c.

N.      Motions for extensions of any of the deadlines set forth above shall be governed by Federal Rule 16 and Local Rule 7.3. A motion for continuance shall be filed prior to the expiration of the deadline. See Local Rule 7.3. The schedule set forth in this Order may only be modified with leave of Court and upon a showing of good cause. See Federal Rule 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond the scheduling order deadline). Additionally, any motion for continuance of a discovery deadline, including a stipulation, shall set forth specifically what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline.

This order contemplates that each party will conduct discovery in such a manner as to complete, within the deadline, any and all discovery. "Last minute or eleventh hour" discovery which results in insufficient time to undertake additional discovery and which

requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

Dated this 22nd day of February, 2023.

_____
Honorable Cindy K. Jorgenson
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| , <br> Plaintiff, <br> vs. <br> , <br> Defendant. | ) <br> ) <br> ) <br> ) No. CIV           -TUC-CKJ <br> ) <br> ) **PROPOSED JOINT PRETRIAL ORDER** <br> ) <br> ) <br> ) |

Pursuant to the Scheduling Order entered _____, 20__, following is the Joint Proposed Final Pretrial Order to be considered at the pretrial conference.

**A.   COUNSEL FOR THE PARTIES**

Plaintiff(s):

Defendant(s):

**B.   STATEMENT OF JURISDICTION**

Cite the statute(s) that gives the Court jurisdiction, and whether jurisdiction is disputed.

(E.g.: Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332. Jurisdiction is (not) disputed.)

**C.   NATURE OF ACTION**

Provide a concise statement of the type of case, the cause of the action, and the relief sought.

(E.g.: This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. The

|   |   |   |
|---|---|---|
| 1 |   | plaintiff contends that the forklift was defectively designed and manufactured by |
| 2 |   | the defendant and that the defects were a producing cause of his injuries and |
| 3 |   | damages.) |
| 4 | D. | **CONTENTIONS OF THE PARTIES** |
| 5 |   | With respect to each count of the complaint, counterclaim or cross-claim, and to |
| 6 |   | any defense, affirmative defense, or the rebuttal of a presumption where the burden |
| 7 |   | of proof has shifted, the party having the burden of proof shall list the elements or |
| 8 |   | standards that must be proved in order for the party to prevail on that claim or |
| 9 |   | defense. |
| 10 |   | (E.g.: In order to prevail on this products liability case, the plaintiff must prove the |
| 11 |   | following elements . . . ) |
| 12 |   | (E.g.: In order to defeat this products liability claim based on the statute of repose, |
| 13 |   | the defendant must prove the following elements . . . ) |
| 14 | E. | **STIPULATIONS AND UNCONTESTED FACTS** |
| 15 | F. | **CONTESTED ISSUES OF FACT AND LAW** |
| 16 | G. | **LISTS OF WITNESSES** |
| 17 |   | A jointly prepared list of witnesses, identifying each as either plaintiff's or |
| 18 |   | defendant's and indicating whether a fact or expert witness, must accompany this |
| 19 |   | proposed order. |
| 20 |   | A brief statement as to the testimony of each expert witness must be included. |
| 21 | H. | **LIST OF EXHIBITS** |
| 22 |   | Each party must submit with this proposed order a list of numbered exhibits, with a |
| 23 |   | description of each containing sufficient information to identify the exhibit, and |
| 24 |   | indicating whether an objection to its admission is anticipated. |
| 25 |   | Exhibits should be marked according to instructions received from the court. |
| 26 | I. | **MOTIONS IN LIMINE** |
| 27 |   | Motions in limine shall be filed and served upon each party with this proposed |
| 28 |   | order. Any opposition shall be filed and served within fourteen (14) days. |

1  **J.**  **LIST OF ANY PENDING MOTIONS**

2  **K.**  **PROBABLE LENGTH OF TRIAL**

3  **L.**  **FOR A BENCH TRIAL**

4     Proposed findings of fact and conclusions of law shall be served and filed on each
5     party with this proposed order.

6  **M.**  **FOR A JURY TRIAL**

7     Stipulated jury instructions shall be filed thirty (30) days before trial.  Instructions
8     which are not agreed upon, and a concise argument in support of the instruction,
9     shall be filed and served upon each party thirty (30) days before trial.  Objections
10    to the non-agreed upon instructions shall be filed and served upon each party
11    within fourteen (14) days.

12 **N.**  **CERTIFICATION**

13    The undersigned counsel for each of the parties in this action do hereby certify and
14    acknowledge the following:

15    1.   All discovery has been completed.

16    2.   The identity of each witness has been disclosed to opposing counsel.

17    3.   Each exhibit listed herein:  (a) is in existence; (b) is numbered, and: (c) has
18         been disclosed and shown to opposing counsel.

19 **O.**  **ADOPTION**

20    The Court may adopt this proposed Joint Pretrial Order at the Pre-Trial Conference
21    or subsequent hearing.

22    DATED this _____ day of _____, 20___.

23                    APPROVED AS TO FORM AND CONTENT

25    _____          _____
      Attorney for Plaintiff              Attorney for Defendant